FILED

06/20/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0625

DA 22-0625

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2023 MT 121

ROBERT L. ALLUM,

      Petitioner and Appellant,

  v.

MONTANA STATE FUND,

      Respondent and Appellee.

APPEAL FROM:    Montana Worker's Compensation Court, Cause No. WCC No. 22-5873
                  Honorable David M. Sandler, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Robert L. Allum, Self-represented, Belgrade, Montana

      For Appellee:

          Thomas L. Bell, Special Assistant Attorney General, Montana State Fund,
          Helena, Montana

                        Submitted on Briefs:  March 29, 2023

                                  Decided:  June 20, 2023

Filed:

                        _____
                                Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Robert L. Allum (Allum) appeals from the October 20, 2022 Judgment and Orders Approving Settlement, Dismissing Claims for Benefits with Prejudice, Vacating Trial, Certifying Judgment as Final, and Notice of Entry of Judgment issued by the Workers' Compensation Court (WCC).

¶2 We address the following restated issue on appeal:

*Whether the WCC erred in dismissing Allum's constitutional claims based on lack of jurisdiction as once Allum's benefits-related claims were resolved and dismissed, his constitutional claims became stand-alone claims not in the context of a dispute concerning benefits under the Workers' Compensation Act or related to the applicability of any statutory provision, rule, or order of the agency to that dispute.*

¶3 We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 On November 18, 2013, Allum was injured at work. On December 13, 2013, the Montana State Fund (State Fund) accepted liability for Allum's knee injury. In February 2020, Allum notified the State Fund that he also asserted a back condition resultant from his knee injury. Allum thereafter filed a petition seeking hearing on his injury claims and challenging the constitutionality of the Montana Workers' Compensation Act (WCA) and the WCC.[1] Prior to trial, Allum and the State Fund settled his injury claims signing a Joint

---

[1] State Fund asserted Allum's constitutional challenges to be precluded by res judicata, as he had brought the same constitutional claims in three prior WCC proceedings, and were also precluded by Allum's failure to file notice of his constitutional challenges as required by M. R. Civ. P. 5.1(a). As we determine the issue on other grounds, it is not necessary to address these arguments.

Petition and Stipulation for Entry of Judgment on October 18, 2022.[2] On October 20, 2022, the WCC approved the parties' settlement agreement. The WCC noted the settlement resolved all disputes involving workers' compensation benefits but did not resolve Allum's constitutional claims which "remain[ed] open to the extent permitted by law." The WCC then concluded, pursuant to § 39-71-2905(1), MCA, that Allum's constitutional claims were not open as the WCC, as a limited jurisdiction court, lacked jurisdiction to address Allum's now stand-alone constitutional challenges outside the context of a dispute over benefits. Allum appeals.

## STANDARD OF REVIEW

¶5 "[A] court's determination as to its jurisdiction is a conclusion of law." *Thompson v. State*, 2007 MT 185, ¶ 14, 338 Mont. 511, 167 P.3d 867 (citation omitted). We review a workers' compensation court's conclusions of law to determine whether the court's conclusions are correct. *Thompson*, ¶ 14 (collecting cases).

## DISCUSSION

¶6 *Whether the WCC erred in dismissing Allum's constitutional claims based on lack of jurisdiction as once Allum's benefits-related claims were resolved and dismissed, his constitutional claims became stand-alone claims not in the context of a dispute concerning benefits under the Workers' Compensation Act or related to the applicability of any statutory provision, rule, or order of the agency to that dispute.*

¶7 We have previously determined the WCC is a court of limited jurisdiction—"an administrative tribunal governed by MAPA and allocated to the Department of Labor and

---

[2] Pursuant to the settlement, Allum received $48,750 and agreed to dismiss his benefit claims.

Industry for administrative purposes." *Thompson*, ¶ 24. As such, it has only the power conferred to it by statute. *Thompson*, ¶ 24. We find this case to be directly analogous to *Thompson*. In *Thompson*, three individuals each filed claims for benefits in the WCC. They then jointly filed a Petition for Declaratory Judgment seeking a declaration that the WCA claimant disclosure statutes violated their constitutional rights to privacy and deprived them of property without due process of law. *Thompson*, ¶ 1. On appeal, this Court determined that as the petition for declaratory judgment did not demand benefits or a declaratory judgment concerning the applicability of WCA statutes to a particular dispute over benefits, as a limited jurisdiction court with only the authority to issue rulings concerning disputes under the WCA and only as to the applicability of any statutory provision, rule, or order of the agency to that dispute, the WCC did not have jurisdiction to issue a declaratory judgment ruling. *See Thompson*, ¶¶ 16-35.

¶8 While Allum's constitutional claims were not brought in a separate declaratory judgment petition as they were in *Thompson*, once his benefits-related claims were dismissed, like the declaratory judgment claims in *Thompson*, all that remained were stand-alone constitutional claims. Pursuant to statute, the WCC has "exclusive jurisdiction to make determinations concerning disputes under [the WCA, Title 39, chapter 71, MCA]." Section 39-71-2905(1), MCA. As such, the WCC has the authority to issue rulings regarding constitutional challenges to the WCA or WCC "only in the context of a dispute concerning benefits under the Workers' Compensation Act and only as to the applicability of any statutory provision, rule, or order of the agency to that dispute." *Thompson*, ¶ 25.

4

As Allum resolved all of his benefit disputes, via the WCC-approved settlement, as a matter of law the WCC did not have jurisdiction over the remaining stand-alone constitutional challenges. The WCC's conclusions of law were correct.

## CONCLUSION

¶9 Because Allum resolved all of his benefit disputes, the WCC did not have jurisdiction over his remaining stand-alone constitutional challenges.

¶10 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

5